UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61112-CIV-COHN
(13-60284-CR-COHN)

BRANDON ROBINSON,
           Movant,

v.

UNITED STATES OF AMERICA,
           Respondent.
_____/

GOVERNMENT'S RESPONSE TO MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO
TITLE 28, U.S.C., SECTION 2255

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, U.S.C., Section 2255 (CV-DE 1)[1], as follows:

STATEMENT OF THE CASE

On February 6, 2014, a federal grand jury sitting at Fort Lauderdale, Florida, returned a superseding indictment charging movant and five codefendants with conspiring to commit sex trafficking of minors, in violation of 18 U.S.C. §§ 1591 and 1594 (Count 1); charged movant with sex trafficking of a minor named Z.G., in violation of 18 U.S.C. §§ 1591 and 2 (Count 2); and also charged him with sex trafficking of a minor named M.Y., in violation of 18 U.S.C. §§ 1591 and 2

---

[1] References marked "(CR-DE ___)" refer to docket entries in the above-captioned, underlying criminal case, while references marked "(CV-DE ___)" refer to docket entries in the above-captioned civil proceeding.

(Count 3) (CR-DE 144).  On March 3, 2014, movant pled guilty without a plea agreement to all three counts (CR-DE 209 (Factual Proffer Statement); CR-DE 218 (Minutes); and CR-DE 336 (Guilty Plea Transcript)).

On May 16, 2014, this Court sentenced movant to 360-month terms of imprisonment as to each count, to run concurrently, followed by concurrent supervised release terms of life as to each count (CR-DE 282; 324 and 337).

Movant appealed, contending that the Court had erred by accepting his guilty plea without evidence that he knew that his actions affected interstate commerce; on February 19, 2015, the Eleventh Circuit Court of Appeals affirmed his conviction in an unpublished decision (CR-DE 362).

On February 11, 2016, movant filed an initial Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CR-DE 367; CV-DE 1, Case No. 16-60285-CIV).  On February 6, 2017, the Court entered an Order Adopting Report of Magistrate Judge, agreeing that movant had failed to demonstrate that counsel had provided ineffective assistance in connection with the plea and sentencing proceedings (CR-DE 379).

On June 2, 2022, movant filed this second or successive Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CR-DE 434; CV-DE 1).  On June 10, 2022, this Court entered an Order Setting Briefing Schedule requiring the government to file a response to the motion within forty-five days, or on or before July 25, 2022 (CV-DE 3).

## MEMORANDUM OF LAW

Movant seeks relief from his sentence based on a claim that sex trafficking under 18 U.S.C. § 1591 is no longer considered a crime of violence, and he was thus improperly sentenced (CV-

DE 1, ecf p. 4, Ground One).[2] Movant, however, as noted above, has already prosecuted an initial § 2255 motion which was adjudicated on its merits (CR-DE 367, 379). Accordingly, because the motion currently under review is an unauthorized second or successive § 2255 motion, it must be dismissed because movant has not received the requisite authorization from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." Rules Governing § 2255 Proceedings, Rule 9. Thus, when a movant files a second or successive habeas petition without first obtaining permission from the appellate court, the district court is without jurisdiction to entertain it. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Therefore, the Court must dismiss this unauthorized second or successive § 2255 motion. If movant later receives such authorization from the Eleventh Circuit, he may file the authorized motion with this Court at that time.

---

[2] Notwithstanding that the motion must be dismissed because it was filed without the required authorization from the Eleventh Circuit, movant's claim is nevertheless meritless where his sentence was not in fact affected or enhanced due to a "crime of violence."

## CONCLUSION

For the foregoing reasons, movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, U.S.C., Section 2255 should be denied.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY:    _s/M. Catherine Koontz_
M. CATHERINE KOONTZ
ASSISTANT UNITED STATES ATTORNEY
COURT I.D. NO. A5501929
U.S. Attorney's Office
500 E. BROWARD BLVD., SUITE 700
FT. LAUDERDALE  FL  33394
TEL. NO. (954) 660-5940
FAX NO. (954) 356-7336
EMAIL: Catherine.koontz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2022, that the foregoing response was electronically filed with the Clerk of Court using CM/ECF, and a copy was sent via U.S. mail to defendant as follows:  Brandon Robinson, Reg. No. 04577-104, FCI Oxford, P.O. Box 1000, Oxford, WI, 53952.

_s/M. Catherine Koontz_
M. Catherine Koontz
ASSISTANT UNITED STATES ATTORNEY