UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-61112-COHN
(CASE NO. 13-CR-60284-COHN)

BRANDON ROBINSON,

    Movant,

vs.

UNITED STATES OF AMERICA

    Respondent.
_____/

## ORDER DISMISSING § 2255 MOTION

**THIS CAUSE** is before the Court upon Movant Brandon Robinson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 Motion ("Motion") [DE 1]. The Court has carefully considered the Motion, the Government's Response [DE 4], and the record in this case, and is otherwise advised in the premises.[1] Upon careful consideration, the Court will deny the Motion.

Movant was convicted on May 19, 2014 of one count of conspiracy to commit sex trafficking of minors in violation of § 1594(c) and two counts of sex trafficking of minors, in violation of 18 U.S.C. § 1591 (a) and (b)(2). DE-Cr 282.[2] Movant argues that he was sentenced under the wrong guideline range because conspiracy and sex trafficking of minors under 18 U.S.C. 1591 are no longer considered a "crime of violence" under 18

---

[1] Movant failed to file a reply, and the deadline for him to do so has passed.
[2] "DE-Cr" citations refer to docket entries in the related criminal proceedings, Case No. 13-60824-CR-COHN. "DE" citations refer to docket entries in the instant civil proceedings.

U.S.C. 16(a). DE 1 at 4.  Since this would be Movant's second § 2255 Motion, the Court lacks jurisdiction to adjudicate Movant's claim at this time.

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a); see also McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232–33 (11th Cir. 2004) (citations and internal quotations omitted).

However, a movant is generally entitled to only file one § 2255 motion to vacate. Once a petitioner files a § 2255 motion that is adjudicated on the merits he or she is generally barred from filing a subsequent petition pursuant to § 2244(b).  See Panetti v. Quarterman, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive [the statute's] 'second or successive' bar.").  A second or successive § 2255 motion is only permitted if the movant can show "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).  "Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)." Thomas v. Sec'y, Fla. Dep't of Corr., 737 F. App'x 984, 985 (11th Cir.

2018). "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition." Id.; see also Burton v. Stewart, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

The Court plainly lacks jurisdiction in this case since the instant Motion is an unauthorized, successive § 2255 motion. A review of Movant's criminal docket in United State v. Robinson et al, Case No. 13-60284-CR-COHN reveals that he has previously filed a § 2255 motion which was adjudicated on the merits and dismissed. DE-Cr 367, 379. Movant has also remained incarcerated based on the same criminal judgment that was entered by the Court on May 19, 2014. DE-Cr 282; see also Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1281 (11th Cir. 2014) (holding that a petition is not "second or successive" if it challenges a new, intervening judgment). Since the instant Motion would be the second § 2255 motion challenging Movant's criminal judgment, he must first file an application with the United States Court of Appeals for the Eleventh Circuit to file another successive motion in this Court. See 28 U.S.C. § 2244(b)(3)(A). Unless and until the Eleventh Circuit grants the Petitioner's application, this Court lacks jurisdiction to adjudicate Petitioner's claim. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.     Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] is **DISMISSED** for lack of subject matter jurisdiction.

2.  The Clerk of Court is directed to **CLOSE** this case and **DENY as moot** all pending motions.

**DONE AND ORDERED** in Fort Lauderdale, Broward County, Florida, this 23rd day of August, 2022.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to Counsel of record via CM/ECF